UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| ELMO GREER & SONS, LLC, ) | |
| ) | |
| Plaintiff, ) | Civil No. 11-178-ART |
| ) | |
| v. ) | |
| ) | |
| ) | **MEMORANDUM OPINION** |
| UNITED STEELWORKERS OF ) | **& ORDER** |
| AMERICA, AFL-CIO-CLC, LOCAL NO. ) | |
| 14581, et al., ) | |
| ) | |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The plaintiff, Elmo Greer & Sons, LLC, filed its complaint on November 29, 2011. R. 1.  Although the last-served Defendants' answers were due on December 27, 2011, *see* R. 8; R. 10; R. 11, this deadline came and went with nothing filed.  After nearly three months passed with no further docket activity, the Court ordered Elmo Greer to show cause by April 6, 2012, why this case should not be dismissed for want of prosecution.  R. 13.

When the show-cause deadline arrived, Elmo Greer explained that it had "granted several requests" by the Defendants for extensions of time to file their answers.  R. 16 at 3; *see* E-mail from Irwin H. Cutler, Jr., Defendants' Att'y, to James U. Smith, Plaintiff's Att'y (Mar. 20, 2012, 11:42 EST), R. 16-1; E-mail from Irwin H. Cutler, Jr., Defendants' Att'y, to James U. Smith, Plaintiff's Att'y (Mar. 20, 2012, 17:34 EST), R. 16-2; E-mail from Irwin H. Cutler, Jr., Defendants' Att'y, to James U. Smith, Plaintiff's Att'y (Mar. 26, 2012, 16:09 EST).  None of these agreed extensions were provided to and approved by the Court.

Nevertheless, the Defendants filed a joint answer on the show-cause deadline in accordance with the parties' private extensions. R. 14.

Save for a few discovery-related exceptions, parties do not have any authority to extend deadlines by private agreement unless that agreement is "also embodied" in a court order. 4B Charles Alan Wright et al., Federal Practice & Procedure: Civil § 1165 (3d ed. 2011); 1 James Wm. Moore et al., Moore's Federal Practice ¶ 6.06(1)(b) (3d ed. 2011). Federal Rule of Civil Procedure 6(b) permits only "the court" to extend deadlines "for good cause." *See also* LR 7.1(b) (permitting parties to extend time limits "by agreed *order*" subject to "any deadlines established by the Court" (emphasis added)).

The history of Rule 6(b) makes clear that parties have no authority to privately contract around court deadlines. The precursor to the Federal Rules of Civil Procedure—the Federal Equity Rules—imposed a "duty" upon the defendant in an equity suit to file his answer within a prescribed time "unless the time shall be enlarged, for cause shown, *by a judge of the court*." James L. Hopkins, The New Federal Equity Rules 152 (1912) (emphasis added) (Federal Equity Rule 16 of 1912). The Federal Equity Rules later served as the template for the Federal Rules of Civil Procedure. *See* Stephen N. Subrin, *How Equity Conquered Common Law: The Federal Rules of Civil Procedure in Historical Context*, 135 U. Pa. L. Rev. 909, 973 (1987). Not surprisingly, Rule 6(b) incorporates the pre-merger equitable power of courts to extend deadlines. 4B Wright et al., Federal Practice & Procedure: Civil § 1161 (explaining that Rule 6(b) "incorporates some of the features of Equity Rules 8 and 16"). But there was no similar pre-merger practice of allowing parties to extend deadlines on their own. Indeed, when an amendment to the Federal Rules of Civil Procedure was proposed in 1944 to allow parties to extend deadlines without court approval,

2

district judges opposed the proposal so fiercely that it was immediately dropped and never renewed. *Id.* § 1165 n.35; *see also Sonoma V v. Sells (In re Sonoma V)*, 703 F.2d 429, 431 n.1 (9th Cir. 1983) (discussing this proposed rule).

This prohibition on private extensions makes sense. The Court "bears the ultimate responsibility for handling its docket" and must therefore "exercise full control over extensions of time periods." 1 Moore et al., Moore's Federal Practice ¶ 6.06(1)(b); *see also* 4B Wright et al., Federal Practice & Procedure: Civil § 1165 (noting that the Court is solely responsible "for the condition of its docket and for the speed with which it administers justice"). Elmo Greer's courtesy of giving the Defendants more time to answer—although "commendable as professional comity"—is ineffective under the Federal Rules of Civil Procedure. *Orange Theatre Corp. v. Rayherstz Amusement Corp.*, 130 F.2d 185, 187 (3d Cir. 1942). In fact, the three-month delay in this case exemplifies how ceding such authority to litigants permits them to "materially prolong the time for the trial of a case to suit their convenience and interests." *Id.* Such an approach eviscerates the "guiding mandate" of the Federal Rules of Civil Procedure, *id.*, to "secure the just, speedy, and inexpensive determination of every action," Fed. R. Civ. P. 1. Therefore, Elmo Greer and the Defendants had no authority to extend the answer deadline without the Court's approval. *See, e.g.*, *Orange Theatre Corp.*, 130 F.2d at 187 (holding that parties cannot extend deadlines by private agreement); *DeVary v. Countrywide Home Loans, Inc.*, 701 F. Supp. 2d 1096, 1111 (D. Minn. 2010) (same); *In re Lease Oil Antitrust Litig. No. II*, 48 F. Supp 2d 699, 707 (S.D. Tex. 1998) (same); *see also Sonoma*, 703 F.2d at 431–32 (concluding that under Federal Rule of Bankruptcy Procedure 9006(b)—the "virtually identical" counterpart to Federal Rule of Civil Procedure 6(b)—parties' stipulations to extensions are ineffective without court

approval). Consequently, the Defendant's joint answer filed on April 6, 2012, is more than three months late.

Despite the delay, the Court will accept the Defendants' untimely answer. Under Rule 6(b)(2), the Court may accept a late filing only if a party's delay was the result of "excusable neglect." To determine whether excusable neglect exists here, the Court must balance five factors: (1) the risk of prejudice to Elmo Greer; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the Defendants' failure to file the answer by the deadline; (4) whether the Defendants had reasonable control over the delay; and (5) whether the Defendants acted in good faith. *Nafziger v. McDermott Intern., Inc.*, 467 F. 3d 514, 522 (6th Cir. 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Although it is a close case, the Defendants' delay constitutes excusable neglect because three of the factors weigh in their favor. First, accepting their late answer will not prejudice Elmo Greer because it will do "no harm to [Elmo Greer] except require it to prove its case." *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000) (quoting *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960)). Second, although the Defendants waited three months to file their answer, the delay will not significantly impact any future proceedings. *Cf. Howard v. Nationwide Prop. & Cas. Ins. Co.*, 306 F. App'x 265, 267 (6th Cir. 2009) (affirming a district court's decision to strike a plaintiff's three-week-late response to a summary judgment motion largely because the district court would not have time to rule on the response before trial). Lastly, the parties' agreement to extend the answer deadline, although ineffective, is "some evidence that it was reasonable for the [Defendants] to believe they would not be held to the original deadline." *Turner v. Wall*, No. 06-505S,

2010 WL 92529, at *1 (D.R.I. Jan. 8, 2010); *see also Friedman & Feiger, LLP v. ULofts Lubbock, LLC*, No. 3:09-CV-1384-D, 2009 WL 3378401, at *1 (N.D. Tex. Oct. 19, 2009) (concluding that a party's attempt to secure an informal extension agreement demonstrated the party's good faith and excusable neglect despite the party's "careless[ness]").

Of course, the Defendants had exclusive control over when they filed their answer. Moreover, their reason for not complying with the deadline—private agreements for an extension—flirts with "ignorance" of Rule 6(b), which would not satisfy the excusable neglect standard. *Nicholson v. City of Warren*, 467 F.3d 525, 527 (6th Cir. 2006) (citing *Pioneer Inv. Servs. Co.*, 507 U.S. at 392); *see also* Pl.'s Resp. to Show Cause Order, R. 16 (failing to acknowledge that the parties' private extensions were ineffective under the Federal Rules of Civil Procedure). On balance, however, these two factors are outweighed by the lack of prejudice to the Plaintiffs, the lack of adverse effect on the Court's administration of future proceedings in this case, and the Defendants' lack of bad faith in filing a late answer. *Accord Morgan v. Gandalf, Ltd.*, 165 F. App'x 425, 430 (6th Cir. 2006) (affirming a district court's decision to accept the defendants' eight-month-late answer, which was tendered after the close of discovery and after summary judgment motions were filed, because there was no prejudice to the plaintiff, no evidence of bad faith by the defendants, and the defendants "almost certainly" would have been entitled to have any default judgment set aside if the court had not accepted their late answer).

From this point forward, however, the parties are expected to be familiar with and abide by all applicable rules and deadlines, including the Federal Rules of Civil Procedure. Failure to do so in the future may result in sanctions, including dismissal of this case. *See,*

*e.g.*, 28 U.S.C. § 1927 (authorizing district courts to pass on certain costs to "[a]ny attorney" who "so multiplies the proceedings in any case unreasonably and vexatiously").

Accordingly, it is **ORDERED** that the Court's Show Cause Order, R. 13, is **DISCHARGED**. Because the Court accepts the Defendants' late answer to the complaint, an Order for Meeting & Report will follow shortly.

This the 18th day of April, 2012.

Signed By:
*Amul R. Thapar* AT
United States District Judge

6