UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| ELMO GREER & SONS, LLC, | )<br>)<br>) |
| Plaintiff, | ) Civil No. 11-178-ART<br>) |
| v. | )<br>) |
| LOCAL 14581 UNITED STEELWORKERS OF AMERICA, AFL-CIO-CLC, et al., | ) **MEMORANDUM OPINION &**<br>) **ORDER**<br>)<br>)<br>) |
| Defendants. | )<br>) |

\*\*\* \*\*\* \*\*\* \*\*\*

Federal labor law treats corporations and labor unions as adults: where the parties to a collective bargaining agreement decide to resolve their disputes in a particular manner, federal courts will not entertain suits brought in violation of their agreement. Elmo Greer & Sons, LLC, sued both an international union and its local chapter for breach of their collective bargaining agreement. But it complied with the contractual remedies for filing suit only as to the local union. Accordingly, the claim against the local union may proceed, but the Court must dismiss the claim against the international union.

**BACKGROUND**

The Commonwealth of Kentucky hired Elmo Greer & Sons, LLC (the "Company"), to construct a road in Pikeville. R. 1 ¶ 10. Local Number 14581 of the United Steelworkers of America (the "Local Union") represented the employees working on the project. *Id.* ¶ 3. The Company, the Local Union, and the United Steelworkers International Union (the "International Union") were parties to a collective bargaining agreement (the "Agreement")

that prohibited striking. R. 1-1 at 17, 20–21. Nevertheless, the Local Union's President, Gypsy Cantrell-Ratliff, felt that the Company had mistreated a senior employee and ordered a strike. R. 35-2 at 13. The Company sent both the Local Union and the International Union a letter threatening a lawsuit against the Local Union. *Id.* at 74. Two weeks later, and without further negotiation, the Company filed this action. *See* R. 1. The Company alleges that both the Local Union and the International Union breached the Agreement, since they are both responsible for the actions of Cantrell-Ratliff. *See* R. 1 ¶¶ 29–36. After discovery, the parties moved for summary judgment. R. 35; R. 37. "Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Peterson v. Johnson*, 714 F.3d 905, 910 (6th Cir. 2013).

The Company contends that it is entitled to summary judgment on three points: (1) that Cantrell-Ratliff violated the Agreement by ordering a strike; (2) that Cantrell-Ratliff acted as an agent of the Local Union; and (3) that Cantrell-Ratliff acted as an agent of the International Union. *See* R. 35-1 at 7. Notably, the defendants do not defend the legality of the strike, nor do they dispute that Cantrell-Ratliff acted as an agent of the Local Union. *See* R. 37 at 6–13. Instead, the defendants argue that the Agreement bars the Company's claim, because it provides for mandatory alternative modes of dispute resolution, with which the Company failed to comply. *See id.* at 6–9. In the alternative, they argue that the Court should dismiss the International Union, as there is no evidence Cantrell-Ratliff acted on its behalf. *Id.* at 9–13.

## DISCUSSION

Section 301 of the Labor Management Relations Act confers federal jurisdiction over suits alleging the breach of a collective bargaining agreement. 29 U.S.C. § 185(a). That

section also invites federal courts to craft the substantive law that governs such disputes. *Textile Workers Union of Am. v. Lincoln Mills of Ala.*, 353 U.S. 448, 456–57 (1957). Accordingly, federal courts have created a body of federal common law that controls the interpretation of collective bargaining agreements. *Bowen v. U.S. Postal Service*, 459 U.S. 212, 224–25 (1983) ("In defining the relationships created by [collective bargaining agreements], the Court has applied an evolving federal common law grounded in national labor policy."). Because the defendants contend that the Agreement bars the Company's suit, the Court must construe the contract to determine whether this case may proceed in federal court.

**I.    The Company's Claim Against the Local Union May Proceed, but the Agreement Bars the Company's Claim Against the International Union**

A party to a collective bargaining agreement must exhaust its contractual remedies before filing a lawsuit. *United Ass'n of Journeymen, Local No. 577 v. Ross Bros. Constr. Co.*, 191 F.3d 714, 717 (6th Cir. 1999). If a party fails to pursue such remedies, then it waives its right to enforce the agreement in federal court. *Id.*; *see* 29 U.S.C. § 173(d) ("Final adjustment by a method agreed upon by the parties is declared to be the desirable method for settlement of grievance disputes arising over the application or interpretation of an existing collective-bargaining agreement."). The defendants argue that the Company waived its right to file this suit, because it violated two sections of the Agreement—Articles 14 and 18. For the reasons explained below, the Company satisfied the Agreement's requirements regarding its claim against the Local Union but forfeited its right to sue the International Union.

The Local Union:  The Local Union first contends that the Court must dismiss the Company's claim because the Company violated Article 14. Article 14 provides that:

> [N]either party shall bring . . . any court or other legal or administrative action against the other until the . . . claim . . . shall have been brought to the attention of the Party against whom it shall be made and [that party], after actual notice of [the claim], shall fail within a reasonable time to take steps to correct the cause or circumstances giving rise to such . . . claim.

R. 1-1 at 14.

The day after the strike, the Company sent the Local Union a letter that clearly stated its intent to sue the Local Union. R. 35-2 at 76. Two weeks later, the Company filed this lawsuit. The Local Union does not contend that the notice was inadequate or that two weeks was not a "reasonable time" within the meaning of Article 14. Instead, the Local Union argues that Article 14 requires "genuine pre-litigation settlement efforts," R. 37 at 7, which the Company did not undertake.

There is simply no textual basis in Article 14 for such a requirement. Article 14 requires only that the non-breaching party provide the breaching party with notice and an opportunity to cure the breach, and nothing more. R. 1-1 at 14. Because the Local Union does not dispute that the Company gave it notice and a reasonable time to cure, its argument fails.

The Local Union's Article 18 argument fares no better. Article 18 requires that, in the event of a strike, "[t]he Union representative and the employer o[r] his representative will immediately meet and discuss the cause of the dispute in accordance with Article 13, Grievance Procedure and Arbitration." R. 1-1 at 17. The Local Union urges that the Company failed to comply with Article 18, because the Company did not meet with the Union after the strike. R. 37 at 8–9.

The Union acknowledges, however, that the meeting contemplated by Article 18 pertains only to "the cause of" the strike, not the strike itself. *Id.*; *see* R. 37 at 8 ("Nor does

the CBA exempt the parties from meeting if the Employer already understands *what prompted the strike*.") (emphasis added). That distinction is important. The Agreement provides mandatory procedures for resolving the controversy that precipitated the strike ("the cause of" the strike), but it requires no meeting or discussion of the strike itself. If Article 18 required the Company to pursue contractual remedies before filing suit, then the Company would not be able to bring this case. But Article 18 offers no remedy for the strike itself, so the Company could not have waived its right to file this suit by failing to comply with Article 18. The Company thus satisfied the Agreement's requirements as to the Local Union, so the Agreement does not bar its claim.

The International Union: The International Union argues that it did not receive the notice required by Article 14. Article 14 requires a party to provide "actual notice" of a "claim" "to the attention of the Party against whom it shall be made." R. 1-1 at 14. The Company mailed its letter to counsel for both the Local Union and the International Union, but the letter provided notice of a claim against the Local Union only. *See* R. 35-2 at 76 ("For these reasons, Greer intends to file a lawsuit . . . to restrain the *Local* from violation of [the Agreement], and to seek compensatory and punitive damages against the *Local* for its flagrant and knowing violations of the Agreement.") (emphasis added). The Company's letter made no mention of any claim against the International Union. *See* R. 35-2 at 74–76.

The Company conspicuously does not respond to this argument, but it suggests that the International Union's remedy is a breach of contract action, not the dismissal of the Company's claim. *See* R. 38 at 5 n.2. But federal law is clear on this score: if parties to a collective bargaining agreement contract for mandatory dispute resolution procedures, then courts have no business meddling with their bargain by entertaining a lawsuit filed in

violation of that agreement. *Ross Bros. Constr. Co.*, 191 F.3d at 717. The Company did not comply with the notice requirement of Article 14. And under the Agreement, that requirement is a condition precedent to the filing of a lawsuit. The Company has thus waived its right to sue the International Union. *See id.*

II. **The Company Is Entitled to Summary Judgment As to the Local Union's Liability**

The Local Union sensibly does not dispute either (1) that the strike violated the Agreement, or (2) that the Local Union is responsible for Cantrell-Ratliff's actions. Cantrell-Ratliff admitted in her deposition that she knew the strike violated Article 18 of the Agreement, R. 35-2 at 13, which flatly prohibits strikes, R. 1-1 at 17. And at the time Cantrell-Ratliff ordered the strike, she was the Local Union's president. R. 35-2 at 4. It is thus undisputed that Cantrell-Ratliff, acting on behalf of the Local Union, violated the Agreement by ordering a strike. The Company is entitled to summary judgment regarding the Local Union's liability. The amount of damages will be determined at trial.

Accordingly, it is **ORDERED** that:

(1) The defendants' motion for summary judgment, R. 37, is **GRANTED IN PART AND DENIED IN PART**.

(2) The Company's claim against the International Union is **DISMISSED**.

(3) The Company's motion for partial summary judgment, R. 35, is **GRANTED IN PART AND DENIED IN PART**.

(4) Summary judgment is **ENTERED** in favor of the Company regarding the Local Union's liability, as Cantrell-Ratliff breached the Agreement on behalf of the Local Union.

This the 2nd day of December, 2013.

Signed By:
*Amul R. Thapar* AT
United States District Judge